UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNA MCGRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01572-TWP-TAB |
| ) | |
| CAROLYN COLVIN Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel on December 29, 2015, for an oral argument on Plaintiff's appeal of her denial of disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge finds that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed.

Plaintiff Anna McGrady applied for disability insurance benefits (DIB), and supplemental security income (SSI), alleging that she had been disabled since July 13, 2009. Her applications were denied initially and on reconsideration. On August 2, 2013, Plaintiff appeared with counsel and testified before an Administrative Law Judge. Vocational expert Gail Franklin also testified at that hearing. On August 28, 2013, the ALJ concluded that Plaintiff was not disabled.

The ALJ found that Plaintiff did not have a medically determinable mental impairment prior to September 30, 2009, her date last insured. [R. at 19.] The ALJ determined Plaintiff had mental impairments as of her January 2012 application date, but concluded they were not severe.

[R. at 19.]  At step 4 of the sequential evaluation process, the ALJ determined that Plaintiff could perform her past relevant work as generally performed in the national economy and as she actually performed them.  [R. at 33-34.]  The ALJ made an alternative finding that Plaintiff was not disabled at step five because she could perform jobs in the national economy, such as administrative clerk, routine office clerk and auto service cashier.  [R. at 35.]  The Appeals Council subsequently denied Plaintiff's request for review, and this appeal followed.

The parties frame the issues differently in this appeal but generally agree that the overarching issues before the Court are two-fold.  First, is Plaintiff entitled to DIB prior to her date last insured of September 30, 2009?  Second, is Plaintiff entitled to SSI as of her January 2012, application date?  In considering these issues, the ultimate question is whether the ALJ's decision is supported by substantial evidence.  As in many appeals, a review of the record reveals that the ALJ's analysis is not without its problems.  As the Commissioner acknowledges, the ALJ made mistakes in finding some of Plaintiff's prior jobs constituted past relevant work and in describing how Plaintiff performed those jobs.  [Filing No.18, at ECF p. 6.]  Despite these mistakes, the question remains whether Plaintiff could still do any of her past jobs or other jobs in the national economy.  If so, any error would be harmless.  *Walker v. Astrue,* No. 09-231, 2010 WL 1257455 at *5 (S.D. Ind. Mar. 24, 2010) (Any errors with respect to the claimant's past work as actually performed were inconsequential because there was substantial evidence that the claimant could do those jobs as generally performed.)

In order to be eligible for DIB, Plaintiff had to show she was disabled prior to September 30, 2009, when her insured status lapsed.  *Shideler v. Astrue*, 688 F.3d 308, 311 (7th Cir. 2012).  The problem Plaintiff faces on appeal on this issue is that no acceptable medical source indicated she had a medically determinable mental impairment prior to her date last insured.  State agency psychological consultant Dr. Shipley found insufficient evidence of such

an impairment as of that date. [R. at 749]. Also, the psychological assessment of Plaintiff by Dr. McGovern, which I will discuss momentarily, did not occur until February 23, 2012. [R. at 725.] Thus, as Plaintiff's counsel acknowledged at oral argument, Dr. McGovern's assessment provides no basis to conclude Plaintiff was mentally disabled prior to her date last insured. Moreover, on appeal Plaintiff does not challenge the ALJ's assessment of her physical ability to work, as also confirmed at oral argument. Accordingly, substantial evidence supports the ALJ's assessment of Plaintiff's mental and physical ability to work prior to September 30, 2009, when her insured status lapsed. Even if Plaintiff could not do any of her past relevant work, the vocational expert's testimony provides substantial evidence for the ALJ's conclusion that Plaintiff could do other jobs prior to her date last insured. Therefore, Plaintiff was not entitled to DIB.

      Turning now to Plaintiff's January 2012 SSI application, the remaining question in this case is whether Plaintiff was continuously disabled for a 12-month period from that date until the ALJ's August 2013 decision. This is where Dr. McGovern's psychological assessment becomes important. In reviewing this assessment and the ALJ's decision, I agree with the Commissioner that Plaintiff mischaracterizes both what Dr. McGovern said and what the ALJ did.

      Plaintiff first argues that Dr. McGovern stated that Plaintiff could only do simple repetitive tasks. A review of the form Dr. McGovern completed demonstrates otherwise. The form asked, "Can this person attend to a simple repetitive task continuously for a two-hour period?" Dr. McGovern wrote, "The claimant is likely to be able to do a simple repetitive task continuously for a two-hour period." [R. at 728.] I agree with the Commissioner that this was not an opinion about Plaintiff's maximum ability to concentrate. As the ALJ explained, Dr. McGovern found that Plaintiff's attention was within normal limits. [R. at 24.] Thus, Dr. McGovern merely answered a question about Plaintiff's ability to do simple tasks; she did not opine that Plaintiff was limited to or could only perform simple tasks.

Plaintiff next argues that the ALJ improperly omitted from the RFC a restriction to slower-than-average pace work. Indeed, Dr. McGovern observed, "Claimant may work at a slower than average pace given her performance on serial 7s." (It took her over three minutes to complete, and she lost her place once or twice and made mistakes.) [R. at 729.] However, Dr. McGovern did not opine that these test results meant that Plaintiff had broad-based difficulties with pace. As the Commissioner notes, given that 50% of the working population has "slower-than-average" processing speed, it is implausible that such scores render a person unable to perform semi-skilled or skilled work. [Filing No. 18, at ECF p. 10.] Plaintiff argues the ALJ gave great weight to Dr. McGovern's opinion and thus the ALJ erred in not concluding Plaintiff had a severe impairment. [Filing No. 13, at ECF p. 9.]

However, a fair reading of the ALJ's opinion actually shows that the ALJ did not credit every statement in the examining report. Rather, she gave, "great weight to Dr. McGovern's opinion that the claimant has mild symptoms and is able to concentrate sufficiently to perform work for two hours at a time." [R. 32-33.] In support of this conclusion, the ALJ explained Plaintiff assigned a GAF score of 65 that indicated only mild symptoms or problems with social or occupational functioning. [R. at 729.] The ALJ then noted Dr. McGovern's opinion that Plaintiff had sufficient attention, concentration, and "the necessary mathematical and planning skills to create and manage a budget," and cited Plaintiff's ability to repeat six digits forward, four digits backwards, and complete simple calculations in all four functions. [R. at 24, 32.] Thus, the ALJ adequately explained her conclusions about Plaintiff's mental ability to work. *Johnson v. Apfel*, 189 F.3rd 561, 564 (7th Cir. 1999) (ALJ may credit conclusions in a medical report without endorsing all of the contents therein or explaining why particular aspects of the report were not credited).

Moreover, Plaintiff has not shown that slower-than-average processing speed on tasks such as serial 7s would prevent her from performing her past work or the other jobs identified by

the vocational expert.  Nothing in the definition of semi-skilled work suggests that it can only be performed by people with above-average processing speeds on all tasks.  Neither the regulations nor the Dictionary of Occupational Titles suggests that fast processing speeds on tasks such as serial 7s are needed to perform any job that is classified as skilled or semi-skilled.

      Finally, Plaintiff does not cite evidence that lower-than-average processing speed on some tasks would in any way interfere with her ability to perform the specific jobs identified by the vocational expert.  For all these reasons, I conclude that substantial evidence supports the ALJ's decision, and I will recommend that the decision below be affirmed.  I will ask the court reporter to transcribe that portion of this recommended decision that reflects my conclusions and have that transcribed and docketed.  Any appeal from this recommended decision must be made within 14 days from the date the transcript is docketed.

Date:  2/4/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.