UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNA MCGRADY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-01572-TWP-TAB ) |
| CAROLYN COLVIN, Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Anna McGrady ("McGrady"), appeals the Administrative Law Judge's decision denying her applications for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. Pursuant to 28 U.S.C § 636, the Court referred the matter to the Magistrate Judge (Filing No. 20), who submitted his Report and Recommendation on February 4, 2016, recommending that the decision of the Commissioner be affirmed (Filing No. 28). McGrady timely filed objections to the Magistrate Judge's Report and Recommendation (Filing No. 29). For the reasons set forth below, the Court **OVERRULES** McGrady's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, **AFFIRMING** the decision of the Commissioner.

### I.   BACKGROUND

McGrady alleges that she suffers from several impairments, including obesity, residuals of lumpectomy and radiation for right breast cancer, and coronary artery disease, and depression. McGrady was born in 1958. Her last employment was as a cashier at a liquor store in July 2009. McGrady was fifty-one years old on her July 13, 2009 alleged onset date. On January 10, 2012,

McGrady applied for DIB and SSI, stating that she had been disabled since July 31, 2009. After her applications were denied initially and on reconsideration, she requested a hearing by an Administrative Law Judge ("ALJ"). On August 2, 2013, McGrady appeared with counsel and testified at the administrative hearing before ALJ Blanca B. de la Torre. On August 28, 2013, the ALJ found that McGrady was not disabled and denied her applications for DIB and SSI. On August 13, 2014, the Social Security Administration's Appeals Council denied McGrady's request for review of the ALJ's decision. McGrady filed her Complaint seeking judicial review on September 26, 2014. On October 13, 2015, this Court issued an order referring the matter to Magistrate Judge Tim A. Baker for a Report and Recommendation. The Magistrate Judge filed his Report and Recommendation adopting the decision of the ALJ and Commissioner on February 4, 2016. Thereafter, on February 19, 2016, McGrady filed her Objection to the Report and Recommendation of the Magistrate Judge, objecting only to the recommendation to affirm the ALJ's denial of her claim for SSI. McGrady does not object to the Magistrate Judge's recommendation to affirm the denial of her claim for DIB.

## II.   LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must

2

articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, No. 1:12-cv-439-SEB-TAB, 2013 U.S. Dist. LEXIS 141893, at *3 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III.   DISCUSSION

In her objections to the Report and Recommendation, McGrady repeats many of the arguments asserted in her Brief in Support of Complaint and additionally alleges that the Magistrate Judge impermissibly conducted a *de novo* review of a medical expert's opinion and also engaged in *post hoc* rationalization. However, McGrady fails to point to evidence that the ALJ's determinations were not supported by substantial evidence, and she continues to ignore the standard that she was able to perform any of her past relevant work, not that she was able to perform every one of her past jobs. McGrady's objections to the Magistrate Judge's Report and Recommendation are (1) the ALJ failed to provide legally sufficient reasons for not including one

3

of the points from Dr. McGovern's opinion in the RFC assessment; and (2) the Magistrate Judge overlooked the role and instructions provided to Agency examining psychologists during his *de novo* review of Dr. McGovern's findings, and he engaged in *post hoc* rationalization. The Court finds no reversible error on the basis of McGrady's objections.

### A. The ALJ Provided Sufficient Reasons for the RFC Assessment

McGrady first argues that the ALJ failed to provide legally sufficient reasons for failing to take the opinions of Dr. McGovern into account when determining her residual function capacity ("RFC"). McGrady asserts that the ALJ gave Dr. McGovern's opinion "great weight" but failed to explain why she did not include the restrictive findings in her RFC assessment. McGrady believes that this omission of evidence from the RFC assessment resulted in the denial of disability benefits. As a result of the omission, the vocational expert and the subsequent determination of an ability to perform past relevant work would be affected by an instruction limiting her work ability to "unskilled" work or "repetitive, simple tasks."

Upon review, the Court finds that the ALJ provided sufficient explanations for the amount of weight she gave to Dr. McGovern's opinion. The ALJ explained that she was giving "great weight to Dr. McGovern's opinion that the claimant has mild symptoms and is able to concentrate sufficiently to perform work for two hours at a time." ([Filing No. 11-2 at 33-34](#).) The ALJ explained that Dr. McGovern's opinion was supported by her evaluation results and there were no contradictory reports from treating mental health providers. The ALJ also noted that McGrady's family doctor barely described her symptoms of depression in his records. McGrady selects one phrase from Dr. McGovern's assessment and then asserts that, because the ALJ gave "great weight" to Dr. McGovern's opinion, the selected phrase should have been included in the determination of her RFC. However, the ALJ is permitted to give great weight to portions of a

4

medical expert's opinion while not affording that same weight to other portions of the medical opinion.

McGrady's view on the importance of the selected phrase—that claimant is likely to be able to do a simple, repetitive task continuously for a two-hour period—is misplaced because the ALJ's decision considered Dr. McGovern's opinion in its entirety. While Dr. McGovern opined that McGrady may be a little slow in one area of testing, she also explained that McGrady's basic attention was within normal limits and her memory was good (Filing No. 11-2 at 25). Based on Dr. McGovern's entire opinion, the ALJ determined that McGrady only suffered from at most a mild limitation in concentration, persistence, or pace. (*Id.*)

McGrady has provided no evidence that a mild limitation in concentration, persistence, or pace would interfere with her ability to perform tasks at the semi-skilled level. Dr. McGovern also noted that McGrady had "the necessary mathematical and planning skills to create and manage a budget." (Filing No. 11-2 at 33.) This assertion by Dr. McGovern suggests that McGrady had the ability to perform her past relevant work and weighs against a more restrictive limitation. McGrady failed to establish that any limitations in concentration, persistence, or pace would prevent her from performing semi-skilled work or that Dr. McGovern's opinion was a determination of her maximum ability. The Court concurs with the Magistrate Judge that the ALJ provided legally sufficient bases for determining McGrady's RFC, and there was no error in not including the cherry-picked phrase from Dr. McGovern's opinion in the RFC.

Further, McGrady's argument that the ALJ completely ignored Dr. McGovern's opinion regarding simple tasks by not including it in the RFC is incorrect because Dr. McGovern's opinion did not state McGrady's maximum ability. Dr. McGovern responded as follows to a question in the examination report dated February 23, 2012:

5

> Q. <u>Can this person attend to a simple, repetitive task continuously for a two-hour period</u>? A. The claimant is likely to be able to do a simple, repetitive task continuously for a two-hour period.

The opinion was an acknowledgement in response to one specific question of whether she could perform simple, repetitive tasks. The question did not ask what her maximum capability was or the most she could perform. Not including the one phrase from Dr. McGovern's opinion caused no harm in the RFC determination because the ALJ considered the opinion in its entirety and determined that the opinion of Dr. McGovern was consistent with a mild limitation.

### B. The Magistrate Judge Did Not Engaged in *Post Hoc* Rationalization

The focus of McGrady's objection to the Magistrate Judge's Report and Recommendation is that the Magistrate Judge engaged in *post hoc* rationalization and ignored the instructions and requirements for Agency examiners. McGrady cites to *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943), invoking the *Chenery* doctrine. The *Chenery* doctrine prohibits a reviewing court from making *post hoc* rationalizations regarding the justifications for the decision of an ALJ. Specifically, the Supreme Court explained, "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Id.*; *see also Michigan v. EPA*, 135 S. Ct. 2699, 2710 (U.S. 2015) ("a court may uphold agency action only on the grounds that the agency invoked when it took the action"). McGrady alleges that the Magistrate Judge made *post hoc* rationalizations regarding the ALJ's treatment of Dr. McGovern's opinions. In particular, McGrady argues that the Magistrate Judge incorrectly inferred that the opinion of Dr. McGovern did not restrict McGrady's ability to performing only simple, repetitive tasks continuously for a two-hour period.

McGrady also alleges that the Magistrate Judge ignored Dr. McGovern's role as the Agency's own examining psychologist and the instructions provided to Agency examining

6

psychologists. McGrady argues that the RFC is characterized as the most a claimant can do, and when the Agency solicits a medical opinion, it seeks to establish the most a claimant can do. McGrady's position is that this failure resulted in the Magistrate Judge making a *post hoc* rationalization for the logic of the ALJ in not including Dr. McGovern's opinion in the RFC determination.

The ALJ determined that Dr. McGovern's opinion established that McGrady had, at most, a mild limitation in concentration, persistence, and pace. The ALJ based this determination on the abilities of McGrady to complete tasks and remember certain things. For example, Dr. McGovern's psychological examination revealed that McGrady performed housework, does the grocery shopping and cooking, was able to make and remember appointments, and had the skills to handle her financing. (Filing No. 11-11 at 147). The ALJ noted that based on these abilities McGrady had only a mild limitation in regards to her concentration, persistence, and pace. The ALJ also based her determination on McGrady's Global Assessment of Functioning score of 65 ([Filing No. 11-11 at 148](#)). "Such a GAF indicates some mild symptoms . . . but shows the individual generally functions pretty well and has some meaningful interpersonal relationships." ([Filing No. 11-2 at 33](#).) The ALJ used this information to determine that McGrady's RFC allowed her to perform a limited range of work.

To establish that the Magistrate Judge engaged in impermissible *post hoc* rationalizations, the Report and Recommendation must be devoid of the rationale of the ALJ's decision and include rationale that was not considered and used by the ALJ, thereby showing a lack of a connection or logical bridge between the Report and Recommendation and the decision of the ALJ. The Magistrate Judge agreed with the determination of the ALJ because a review of Dr. McGovern's examination revealed that McGrady had mild limitations in concentration, persistence, and pace.

The Magistrate Judge referenced the same aspects of the examination to determine that McGrady's limitations were, at most, mild. McGrady argues that the Magistrate Judge is making *post hoc* rationalizations by ignoring the Agency's instructions regarding examining psychologists employed by the Agency. McGrady asserts that it is the responsibility of the Agency employed examiners to provide an RFC of the claimant. Although Dr. McGovern is employed by the Agency, she is not the final decision maker of McGrady's RFC, which is left to the ALJ alone. Dr. McGovern did not present a determination on the RFC of McGrady; rather, she completed a psychological evaluation, reported her findings in various evaluations, and noted McGrady's GAF of 65.

McGrady ignores the remainder of Dr. McGovern's opinion and argues that the question and answer—Can this person attend to a simple, repetitive task continuously for a two-hour period? The claimant is likely to be able to do a simple, repetitive task continuously for a two-hour period.—represents an RFC determination. This argument misses the mark. The Court concurs with the Magistrates Judge's analysis that the question and answer did not provide the maximum ability of McGrady. Instead, it identified McGrady's ability to complete such work in that specific area. The format of the question suggested that it merely determined if the claimant can perform at that level, not to determine the maximum ability of the claimant. As the Commissioner states in her supporting brief, and the Magistrate Judge agrees, if the Court accepts McGrady's logic "if the question asked whether McGrady could concentrate for 1 minute, and Dr. McGovern answered 'yes,' then Dr. McGovern's opinion was that McGrady could concentrate for 1 minute but not any longer than that." (Filing No. 18 at 10.) The Court does not agree with McGrady's logic. The question did not ask for an opinion on her limitations.

The Magistrate Judge did not engage in *post hoc* rationalization here because he reviewed the same evidence and based his recommendation on the same analysis, rationale, and conclusions as the ALJ. He did not present a new basis or justification for affirming the ALJ's decision. McGrady alleges that the Magistrate Judge engaged in *post hoc* rationalization when he explained that Dr. McGovern's question and answer was not a determination of the maximum ability of McGrady. However, this was consistent with the ALJ's decision and analysis and with the Commissioner's position during judicial review. The Magistrate Judge did not devise a new argument for the ALJ or the Commissioner. Therefore, the Court rejects McGrady's argument that the Magistrate Judge engaged in impermissible *post hoc* rationalizations.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that there is no error in the Magistrate Judge's Report and Recommendation and therefore **OVERRULES** McGrady's objections (Filing No. 29). The Court herby **ADOPTS** the Magistrate Judge's Report and Recommendation, **AFFIRMING** the Commissioner's decision (Filing No. 28).

**SO ORDERED.**

Date: 3/9/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric E. Schnaufer
eric@schnaufer.com

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Eric Truett
OFFICE OF GENERAL COUNSEL
SOCIAL SECURITY ADMINISTRATION
eric.truett@ssa.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov